| | |
|---|---|
| Alan E. Engle (SBN 224779)<br>alan.engle@meenlegal.com<br>MEADOR & ENGLE<br>1115 Seal Way<br>Seal Beach, CA 90740<br>Telephone: (310) 428-6985<br>Facsimile: (714) 386-5368<br><br>Attorneys for Plaintiff<br>Veribi, LLC | GUNDZIK GUNDZIK HEEGER LLP<br>Aaron C. Gundzik (State Bar No. 132137)<br>Aaron.gundzik@gghllp.com<br>14011 Ventura Blvd, Suite 206E<br>Sherman Oaks, CA 91423<br>Telephone: 818.290.7461<br>Facsimile: 818.918.2316<br><br>ARMSTRONG TEASDALE LLP<br>Alec P. Harris (admitted *pro hac vice*)<br>Kathleen Guilfoyle (admitted *pro hac vice*)<br>aharris@atllp.com<br>kguilfoyle@atllp.com<br>4643 South Ulster Street, Suite 800<br>Denver, Colorado 80237<br>Telephone:  720.200.0676<br>Facsimile:   720.200.0679<br><br>Attorneys for Defendant<br>COMPASS MINING, INC. |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERIBI, LLC, a Nevada limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>COMPASS MINING, INC., a Delaware corporation,<br><br>        Defendants. | Case No.: 2:22-CV-04537-MEMF-JPR<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**JOINT 26(f) REPORT**<br><br>Scheduling Conference:<br>July 13, 2023 at 10:00 a.m. |

      Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff Veribi, LLC ("Veribi") and for Defendant Compass Mining, Inc. ("Compass") conferred about the issues discussed in Fed. R. Civ. P. 26(f) via email

beginning June 26 and met and conferred via Zoom on June 28, 2023. The parties propose the following Case Management Plan and Schedule:

### A. Statement of the Case

**Veribi's Statement**

This case arises out of a series of transactions where Veribi purchased Bitcoin mining machines from Compass Mining for hosting in Russia at a facility operated by BitRiver AG. On April 20, 2022, the U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC) designated BitRiver AG as subject to Executive Order 14024, which levies economic sanctions on designated Russian individuals and entities. After OFAC's action, Compass allegedly cut-off contact with BitRiver, effectively abandoning Veribi's Bitcoin mining machines with BitRiver. Veribi has filed this action for, *inter alia*, compensation for the loss of its machines and revenue that would have been generated if the machines had been repatriated or transferred to a non-sanctioned entity.

**Compass' Statement**

Compass provides hosting services for cryptocurrency miners, often contracting with third party entities for use of their facilities. Veribi is a former Compass customer. Veribi contracted with Compass for Compass to host certain miners at a Russian facility operated by BitRiver AG. On April 20, 2022, the U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC) added BitRiver AG to its "specially designated nationals" ("SDN") list, making BitRiver subject to Executive Order 14024. These sanctions made it impossible and illegal for Compass to continue its relationship or communicate with BitRiver. Accordingly, BitRiver notified its customers that it could no longer operate the equipment or retrieve the miners.

Veribi brought suit for breach of contract, negligence, conversion, and fraud, essentially seeking to force Compass to violate the sanctions to retrieve its miners. On April 20, 2023, the Court dismissed Veribi's fraud claim. Compass's actions to

date have been necessitated by the broad sanctions scheme at issue in this case. In its Counterclaim, Compass seeks a declaratory judgment that the OFAC sanctions preclude Compass from retrieving the miners, that Compass acted properly under the circumstances, and that Compass has no obligation to Veribi to retrieve its miners.

### B. Subject Matter Jurisdiction

The Complaint alleges subject matter jurisdiction based on diversity, 28 U.S.C. § 1332(a)(1), which Compass does not contest.

Compass' Counterclaim for declaratory judgement asserts subject matter jurisdiction based on diversity, 28 U.S.C. § 1332, federal question 28 U.S.C. § 1331, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. Veribi disputes jurisdiction over Compass' counterclaim is proper on any of these bases.

### C. Legal Issues

**Veribi's Statement**

Veribi's claims are for Breach of Contract, Negligence, and Conversion. Veribi expects that potentially significant legal issues will concern Compass' asserted defense that abandoning Veribi's miners with BitRiver was required by Executive Order 14024. Veribi believes that such an interpretation of the Executive Order would undermine its purpose, i.e., sanctioning designated Russian entities.

With regard to evidence, Veribi will seek discovery regarding any advice of counsel defense Compass asserts. Veribi expects the nature and scope of any waiver will be subject to dispute.

**Compass' Statement**

Compass agrees that the dispute will likely center on the impact of the sanctions applicable to BitRiver. However, Compass is not asserting an advice of counsel defense at this time, and thus disagrees that Veribi's proposed discovery regarding any advice of counsel defense Compass asserts is appropriate.

Veribi will also need to prove the terms of the alleged contract(s), in light of

its allegation that this contract arose from ad hoc communications between the parties.

### D. Damages

The purchase price of the bitcoin miners at issue was approximately $1.5 million dollars. While damages related to Veribi's claims can be calculated in various ways, the purchase price provides a general sense of potential damages asserted by Veribi.

### E. Parties and Evidence

Veribi and Compass are the only two parties. The parties do not expect additional parties to be added.

**Veribi's Statement on Evidence**

The most significant witness for Veribi is Veribi's principal, John Vanhara, who oversaw the purchase of the miners from Compass and personally interacted with Compass' representatives concerning the transactions and potential steps to reclaim or transfer the miners from BitRiver after sanctions were imposed.

Veribi expects various employees of Compass to have information regarding Compass' relationship with BitRiver, including relevant contracts and communications with BitRiver regarding the sanctions, ownership of the miners hosted with BitRiver, and Compass' decision to cease communications with BitRiver. Veribi intends to depose Compass' former CEO, Whit Gibbs regarding, *inter alia*, Compass' relationship with BitRiver.

Veribi would like to obtain evidence from agents or employees of BitRiver but expects challenges given the difficulty of obtaining evidence from Russia due to lack of cooperation with US legal procedures.

**Compass' Statement on Evidence**

Compass does not have any subsidiaries, parents, or affiliates.

At this time, Compass believes the following are percipient witnesses:

- John Vanhara;

- Any additional Veribi employees with knowledge of the facts alleged in the Complaint;
- Veribi's Fed. R. Civ. P. 30(b)(6) designee;
- Compass salesperson(s) who worked with Veribi to effectuate the sale of the Russian miners;
- Compass's Co-CEOs Thomas Heller and Paul Gosker.

At this time, Compass believes the following will be key documents:

- Relevant sanctions and any documents interpreting them;
- The documents that constitute the contract(s) between the parties, if any; and
- Communications between Veribi and Compass concerning the at-issue miners.

**F. Insurance**

Veribi does not hold any insurance relevant to this matter.

At this time, Compass does not believe that any insurance coverage it hods would be relevant to this matter.

**G. Complex Litigation**

This action does not constitute Complex Litigation.

**H. Motions**

Veribi objects to subject matter jurisdiction regarding Compass' declaratory judgement counterclaim and may bring a motion on that basis. Veribi expects motions may be necessary to determine the scope and consequences of any advice of counsel defense asserted by Compass.

At this time, Compass does not anticipate filing motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

**I. Dispositive Motions**

After discovery the parties will likely file motions for Summary Judgment

1 concerning, among other things, Compass' defense that its conduct was required
2 under Executive Order 14024.

**J. Status of Discovery**

No discovery requests have yet been served. The parties expect to serve document requests and interrogatories prior to the parties' July 13 case management conference.

**K. Discovery Plan**

a. No changes to the timing, form, or requirements of Rule 26(a) are contemplated.

b. The parties have proposed a fact discovery cut-off of March 13, 2024 and expert discovery cut-off of April 17, 2024. Phased discovery is not requested.

c. The parties are not aware of any novel issues concerning electronic discovery or concerning preserving discoverable information.

d. The parties agree to produce documents in PDF or Tiff format, with metadata contained in a load file, and to produce documents not conducive to PDF format in native.

e. The parties do not anticipate an agreement regarding privileged materials at this time and may dispute whether various alleged privileged materials are subject to discovery as well as relevant cut-off dates regarding such materials. The parties are in discussion regarding an agreement under F.R.E. 502(d) with respect to inadvertent disclosure of attorney-client privileged information and an agreement for a date cutoff for information required to be logged as privileged.

f. The parties propose that each party be limited to 40 requests for production under F.R.Civ.P. 34 and do not otherwise propose any changes to the discovery procedures of the Federal Rules.

g. The parties are currently in discussion over the form and content of a

general protective order.

h. The parties anticipate discovery on the following topics: (1) the documents comprising the contracts for the at-issue transactions, (2) whether Compass had any control over Veribi's Russian miners after the sanctions went into place, (3) Compass's actions to comply with the sanctions, (4) the nature of Compass' business relationship with BitRiver and ownership of the miners.

**l. Expert Discovery**

The parties propose a cut-off date of April 17, 2024 for expert discovery, with initial expert disclosures due March 20, 2024 and rebuttal disclosures due April 3, 2024.

**m. Settlement Conference / Alternative Dispute Resolution**

The parties engaged in settlement discussions in late 2022. They request ADR Procedure 2 (court mediation panel).

**n. Trial Estimate**

Both parties have requested a jury trial. The parties estimate that trial will take 5 days. Veribi expects to call approximately 5 witnesses. Compass expects to call approximately five witnesses.

**o. Trial Counsel**

The parties expect current lead counsel will serve as trial counsel.

**p. Magistrate Judge**

The parties do not consent to have a magistrate judge try the case.

**q. Independent Expert or Master**

The parties do not request a special master or independent expert.

**r. Schedule Worksheet**

See attached Appendix A

**s. Class Actions**

N/A

**t. Other Issues**

None at this time.

Dated: June 29, 2023          MEADOR & ENGLE

By: /s/ Alan E. Engle
        Alan E. Engle

Attorneys for Plaintiff VERIBI, LLC

Dated: June 29, 2023          ARMSTRONG TEASDALE LLP

By: /s/ Alec P. Harris
        Alec P. Harris

Attorneys for Defendant
COMPASS MINING, INC.

# APPENDIX A

**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No. 22-cv-04537-MEMF-JPR | Case Name: Veribi, LLC v. Compass Mining, Inc. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
| Check one:  ☒ Jury Trial   or   ☐ Bench Trial [Monday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity] Estimated Duration: __5__ Days | | 9/16/24 | same |
| Final Pretrial Conference ("FPTC" [L.R. 16], Hearing on Motions in Limine [Wednesday at 9:00 a.m. at least 19 days before trial] | | 8/28/24 | same |
| **Event** [1] Note: Hearings shall be on Thursdays at 10:00 a.m.[2] Other dates can be any day of the week | **Time Computation**[3] | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Thursday] | 6 weeks after scheduling conference | 8/24/23 | same |
| Fact Discovery Cut-Off (no later than deadline for filing dispositive motion) | 24 weeks before FPTC | 3/13/24 | same |
| Expert Disclosure (Initial) | 23 weeks before FPTC | 3/20/24 | same |
| Expert Disclosure (Rebuttal) | 21 weeks before FPTC | 4/3/24 | same |
| Expert Discovery Cut-Off | 19 weeks before FPTC[4] | 4/17/24 | same |
| Last Date to Hear Motions [Thursday]<br>• Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Frimpong's website | 12 weeks before FPTC | 6/6/24 | same |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>Select one:  ☐ 1. Magistrate Judge (with Court approval)<br> ☒ 2. Court Mediation Panel<br> ☐ 3. Private Mediation | 10 weeks before FPTC | 6/19/24 Select deadline and settlement method | same Select deadline and settlement method |
| Trial Filings (first round)<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 7/31/24 | same |
| Trial Filings (second round)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 8/14/24 | same |

[1]  The parties may seek dates for additional events by filing a separate stipulation and proposed order.
[2]  By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed by the Friday before the hearing and must indicate that counsel has met and conferred per Local Rule 7-3.
[3]  The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. But in every case, the last date to hear motions shall be no later than eight (8) weeks before the deadline for Trial Filings (First Round), and the deadline for Trial Filings (First Round) and Trial Filings (Second Round) must be no later than four (4) and two (2) weeks before the FPTC, respectively.
[4]  The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.