# EXHIBIT D

1  Alan E. Engle (CA Bar 224779)
2  alan.engle@meenlegal.com
   MEADOR & ENGLE
3  1115 Seal Way
   Seal Beach, CA 90740
4  Telephone: (310) 428-6985
5  Facsimile: (714) 386-5368

6
   Attorneys for Plaintiff VERIBI, LLC
7

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11
   VERIBI, LLC, a Nevada limited         Case No. 22-cv-04537 MEMF(JPRx)
12 liability company,
                                         Hon. Maame Ewusi-Mensah Frimpong
13            Plaintiff,

14      v.                               **PLAINTIFF'S FIRST SET OF
                                         REQUESTS FOR THE PRODUCTION
15 COMPASS MINING INC., a                OF DOCUMENTS**
   Delaware corporation,
16
17            Defendant.
18

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Veribi, LLC hereby requests that Defendant Compass Mining, Inc ("Compass"), by its undersigned counsel, respond to the following requests for the production of documents and things by providing written responses thereto and producing for inspection and copying the documents requested herein to the offices of Plaintiff's attorneys, Meador & Engle, 1115 Seal Way, Seal Beach, CA 90740, Attn: Alan Engle, within thirty (30) days of service of this request.

## DEFINITIONS

"Plaintiff" means Veribi, the plaintiff in the above-captioned proceeding.

"Defendant," "you" or "your" means Compass Mining, Inc, the defendant in the above-captioned action, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

A reference to a "person" includes an individual, corporation, partnership, joint venture, limited liability company, governmental authority, unincorporated organization, trust, association, or other entity and includes all of that person's principals, employees, agents, attorneys, consultants, and other representatives.

"Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A). The term "document" refers to any document now or at any time in Defendant's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

"Concerning" means consisting of, referring to, relating to, reflecting, or being in any way logically or factually connected with the matter discussed.

The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

The use of singular form includes plural, and vice versa.

The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features, or shall be organized and labelled to correspond to the categories requested herein. If there are no documents in response to a particular request or if you withhold any responsive documents or categories of documents based on any objections, you shall state so in writing.

These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

If you claim that any document requested is privileged, please provide all information falling within the scope of the Document Request which is not privileged, and identify with sufficient particularity for purposes of a Motion to Compel each item, document or thing, separately, with respect to which you claim a privilege, and state:

(a) the basis on which the privilege is claimed;

(b) the author of the document, if applicable;

(c) each individual or other person to whom the document or copy thereof was sent or otherwise disclosed;

(d) the date of the document;

(e) the type of the document (e.g., letter, memorandum, etc.);

and

(f) the general subject matter of the document.

You are not requested to provide privileged information or information for which you claim privilege, but only to identify such information, document, or thing.

These requests are continuing, and your response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## DOCUMENTS REQUESTED

**DOCUMENT REQUEST NO. 1:** All documents or communications concerning Compass' hosting bitcoin miners in Russia with BitRiver or any affiliated entity, including the initiation, terms, and termination of any hosting relationship.

**DOCUMENT REQUEST NO. 2:** All documents constituting communications between you and BitRiver or any affiliated entities or employees concerning the hosting of bitcoin miners with BitRiver or any affiliated entities.

**DOCUMENT REQUEST NO. 3:** All documents or communications concerning any formal and informal agreements or contracts between you and BitRiver or any related entity concerning the hosting of any bitcoin miners with BitRiver or any related entity.

**DOCUMENT REQUEST NO. 4:** All documents or communications between you and the Office of Foreign Assets Control ("OFAC") relating to sanctions on BitRiver or any affiliated entity, including any application for an OFAC license or communications concerning or constituting a license application.

**DOCUMENT REQUEST NO. 5:** All documents comprising or related to any request for a license from OFAC relating to BitRiver or any affiliated entity, including any legal analysis related to submission or procurement of an OFAC license.

**DOCUMENT REQUEST NO. 6:** Any legal analysis or memorandum concerning the implications of OFAC sanctions on Compass' relationship with BitRiver or any affiliated entity.

**DOCUMENT REQUEST NO. 7:** All public communications made by Compass or its employees, agents, managers, or owners concerning BitRiver, sanctions on BitRiver, OFAC sanctions, and any efforts by Compass to limit the effect of OFAC sanctions on Compass' customers.

**DOCUMENT REQUEST NO. 8:** All documents concerning any bitcoin miners purchased by Veribi for hosting in Russia, including documents concerning the procurement, import, taxation, or ownership of any bitcoin miners purchased by Veribi for hosting in Russia.

**DOCUMENT REQUEST NO. 9:** Any communications between Compass and Veribi concerning bitcoin miners hosted in Russia.

**DOCUMENT REQUEST NO. 10:** All documents and communications relating to Whit Gibbs' March 3, 2022 statement, attached as Exhibit F to the Complaint, including any plan or plans Compass had or has to "move all machines out of Russia" or transfer miners away from the control of BitRiver.

**DOCUMENT REQUEST NO. 11:** All documents and communications relating to Compass' April 21, 2022 decision to "terminate[d] its contractual relationship and business dealings with BitRiver," including any discussion, debate, communications, or analysis related to this decision.

**DOCUMENT REQUEST NO. 12:** All documents concerning the purchase, import, or ownership status of miners hosted by Compass with BitRiver under Russian law or any formal or informal agreement between Compass and BitRiver concerning the ownership of miners hosted by Compass with BitRiver.

**DOCUMENT REQUEST NO. 13:** Documents sufficient to show all payments made by Compass to BitRiver or any affiliated entity related to Veribi's miners, including the purchase, hosting, and management of Veribi's miners.

**DOCUMENT REQUEST NO. 14:** All documents relating to the termination of Whit Gibbs as CEO of Compass.

**DOCUMENT REQUEST NO. 15:** All documents relating to any strategy Compass has or had considered to remove, transfer, or sell miners hosted with BitRiver or to mitigate the losses of Compass customers who miners are or were hosted with BitRiver.

**DOCUMENT REQUEST NO. 16:** All documents or information relating to the current operation or location of miners Compass hosted with BitRiver, including any information relating to any accounts for which the miners are currently producing bitcoins.

Dated: July 19, 2023　　　　　　　　　　Meador & Engle

　　　　　　　　　　　　　　　　　　　　*/s/Alan E. Engle*
　　　　　　　　　　　　　　　　　　　　Alan E. Engle
　　　　　　　　　　　　　　　　　　　　1115 Seal Way
　　　　　　　　　　　　　　　　　　　　Seal Beach, CA 90740
　　　　　　　　　　　　　　　　　　　　Telephone: (310) 426-6985
　　　　　　　　　　　　　　　　　　　　Fax: (714) 386-5368
　　　　　　　　　　　　　　　　　　　　Alan.engle@meenlegal.com

　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff Veribi LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this July 19, 2023, I caused a true and correct copy of Plaintiff's First Set of Requests for Production of Documents via email on Alec Harris at AHarris@atllp.com, Katie Guilfoyle at KGuilfoyle@atllp.com, and Marina A. Brainerd at MBrainerd@atllp.com.

                                                */s/Alan E. Engle*
                                                  Alan E. Engle