# EXHIBIT F



Alec P. Harris
Direct **T** 720.200.0615  **F** 720.200.0679
aharris@atllp.com

August 14, 2023

Alan E. Engle
Meador & Engle
1115 Seal Way
Seal Beach, CA 90740
Alan.Engle@meenlegal.com

*Via Electronic Mail*

Re:  Discovery Dispute Letter – Protective Order
     *Veribi, LLC v. Compass Mining, Inc.*, No. 2:22-CV-04537-MEMF-JPR (CD. Cal.)

Dear Alan:

Pursuant to Local Rule 37-1, I am writing to formally address the parties' disagreement concerning the need for a protective order to protect confidential information in the above-referenced litigation. As required by the Local Rules, I would like to set a time to speak with you about this dispute at your earliest convenience, no later than ten days after the date of this letter.

As we have discussed, my client, Compass Mining, Inc. ("Compass") seeks a protective order in this case governing confidential information, and believes the protective order should contain two tiers of information: confidential and attorney's eyes only. Enclosed with this letter is Compass's updated proposed draft protective order, which is based upon Magistrate Judge Rosenbluth's template protective order.

There is ample justification for such a protective order. Based on discovery already served by Veribi in this litigation, Compass anticipates that this case will implicate the following confidential information:[1]

- The specific addresses of Compass's hosting locations;

---

[1] Compass does not concede that all of the information listed below is relevant, discoverable, or admissible in this case.

- The specific terms of Compass's hosting agreements with hosting centers, including contractual hosting rates;

- Compass customers' personally identifying information, including names, addresses, and financial information;

- Serial numbers and MAC addresses of Compass customers' cryptocurrency miners;

- Financial records and information, including bank account numbers for both Compass and its customers; and

- Compass's private, strategic business discussions and negotiation tactics with hosting providers.

If the information listed above were to be disclosed publicly, it would impose significant, particularized harm on Compass and its customers. First, disclosure of hosting facility locations creates a risk of theft because these locations house a large quantity of expensive equipment. It is industry standard to safeguard the exact locations of hosting facilities as this risk is well known. Second, disclosure of the personally identifying information of Compass's customers who are not parties to this dispute would put them at risk and would jeopardize Compass's reputation as a service provider. Third, disclosure of the serial numbers and/or MAC addresses of customer miners creates a risk that these machines could be hijacked or otherwise converted by nefarious third parties, and would also jeopardize Compass's reputation. Finally, disclosure of the financial records and account information for Compass and its customers would impose clear harm on both. All of the above risks provide good cause for a protective order with a "CONFIDENTIAL" designation. *See, e.g., DeHate v. Lowe's Home Centers, LLC*, 2020 WL 7084551, at *4 (C.D. Cal. Oct. 8, 2020) (granting protective order to prevent public disclosure of surveillance videos, finding good cause because "the public could exploit that information to commit theft or other undesirable acts"); *Estate of Sanchez v. County of Stanislaus*, 2019 WL 1959579 (E.D. Cal. May 2, 2019) (noting discovery rules must balance the potential for abuse, including "damage to the reputation and privacy of litigants and third parties").

In addition, some of the information listed above is commercially sensitive and would impose harm if disclosed to the public *or* to Veribi. The public record makes clear that Veribi is now competing with Compass in the cryptocurrency hosting industry. *See* HPC data centers development, colocation & hosting, Veribi, https://veribi.com/ (last accessed Aug. 11, 2023); *see also* Job Posting, bitcoinerjobs.com (July 18, 2023) https://bitcoinerjobs.com/job/990947-mining-tech-with-good-knowledge-of-immersion-opeations-veribi-llc (last accessed Aug. 11, 2023) (job posting by Veribi for cryptocurrency "[m]ining tech with good knowledge of immersion ope[r]ations").

Compass's negotiated hosting rates, contracted energy rates and precise contract terms are all competitively sensitive business information. For example, in Compass's industry, market participants compete heavily over negotiated hosting rates with third-party hosting facilities, and they are a closely guarded by Compass. If Veribi were able to learn about Compass's hosting rates through this lawsuit, it could leverage this information as a direct competitor to Compass and attempt to undercut Compass in the market. Similarly, Compass's strategic business discussions

about hosting strategy and negotiation strategies with hosting providers are competitively sensitive and should not be shared with Veribi, a direct competitor. In light of these risks, there is good cause for a protective order with an attorneys' eyes only provision. *See, e.g.*, *Kaseberg v. Conaco, LLC*, 2016 WL 3997600 (S.D. Cal. July 26, 2016) (attorneys' eyes only provision appropriate to prevent disclosure of licensing fees, finding that good cause exists because disclosure would "severely impact" defendants' ability to negotiate future licenses); *DeHate*, 2020 WL 7084551 at *4 (possible damage to defendant's competitive advantage constituted good cause to prevent disclosure of policies and procedures, as well as security measures).

We appreciate Veribi's attempts to find a workable compromise to this disagreement. However, Compass remains concerned that Veribi's offer to have the parties informally agree to treat documents / information in the case as confidential on a "preliminary basis" will not provide clear guidance as to how those documents / information will be treated, nor adequate protection, as a protective order would. With respect to your Compass's regarding public / client access to information, I would point out that Compass's proposed protective order simply provides a *framework* to designate and handle protected information—it does not suggest that all documents in the case will be confidential. Moreover, Compass's proposed order includes both an objective standard for designation and a mechanism for the parties to adjudicate confidentiality disputes.

We look forward to conferring with you about these issues.

Sincerely,

Alec P. Harris

cc:   Kathleen Guilfoyle

Enclosures

3