# EXHIBIT I

GUNDZIK GUNDZIK HEEGER LLP
Aaron C. Gundzik (State Bar No. 132137)
Aaron.gundzik@gghllp.com
14011 Ventura Blvd, Suite 206E
Sherman Oaks, CA 91423
Telephone: 818.290.7461
Facsimile: 818.918.2316

ARMSTRONG TEASDALE LLP
Alec P. Harris (*pro hac vice*)
Kathleen Guilfoyle (*pro hac vice*)
aharris@atllp.com
kguilfoyle@atllp.com
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone:  720.200.0676
Facsimile:  720.200.0679

Attorneys for Defendant COMPASS MINING INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERIBI, LLC, a Nevada limited liability company | Case No.: 2:22-CV-04537-MEMF-JPR |
| Plaintiff, | Hon. Maame Ewusi-Mensah Frimpong |
| v. | **DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |
| COMPASS MINING INC., a Delaware corporation | |
| Defendant. | |

Defendant Compass Mining Inc. ("Compass"), by counsel and under Fed. R. Civ. P. 26 and 34, serves the following objections and responses to Plaintiff's First Set of Requests for Production of Documents ("Requests").

## PRELIMINARY STATEMENT

1.    Compass's responses to these discovery requests are based upon a diligent review of information presently available to Compass. Because investigation of the facts pertaining to this pending action is continuing and pretrial

discovery has not yet been completed, Compass reserves the right to amend or supplement these responses.

2.      Compass submits these responses without conceding the relevance, materiality, or admissibility of the subject matter of any Request or document, and without prejudice to its right to object to further discovery, or to object to the admissibility at trial or any other proceeding.

3.      A response that Compass will produce responsive documents is not an indication that any such documents exist, but only a representation that they will be made available if they do exist.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Compass objects to Plaintiff's instruction that production of responsive documents should be physically sent to Plaintiff's counsel's law offices. Pursuant to the Parties' Rule 26(f) report [ECF No. 49] and the Court's Civil Trial Order [ECF No. 53], Compass will produce documents electronically, in .PDF or .Tiff format, with metadata contained in the load file, and will produce documents not conducive to PDF format in native.

2.      Compass objects to the definition of "Defendant," "you," or "your" to the extent it seeks information outside of Compass's possession, custody, or control, as those concepts are understood under Fed. R. Civ. P. 34.

3.      Compass objects to the instruction stating that the "requests call for the production of all responsive documents in [Compass's] possession, custody, or control, or in the possession, custody, or control of [Compass's] employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on [Compass's] behalf, without regard to the physical location of such documents" to the extent it purports to seek information and/or documents outside of Compass's possession, custody, or control.

1

2

## **DOCUMENTS REQUESTED**

3 **DOCUMENT REQUEST NO. 1:** All documents or communications

4 concerning Compass' hosting bitcoin miners in Russia with BitRiver or any

5 affiliated entity, including the initiation, terms, and termination of any hosting

6 relationship.

7

8 **OBJECTIONS:** Compass objects to this Request as overly broad, unduly burdensome, calling for information not relevant to any party's claims or defenses, and not proportional to the needs of this case, because it is not limited to documents or communications concerning Veribi's miners hosted at BitRiver facilities or limited in time. For example, as written, the Request would require Compass to produce documents relating to every Compass customer with miners hosted at BitRiver.

9

10

11

12 Compass further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product protection.

13

14

15 Compass further objects to this Request because it seeks documents containing commercially sensitive information and/or information implicating Compass customers' privacy interests.

16

17 **RESPONSE:** Upon entry of a protective order, Compass will produce non-privileged documents discussing or concerning Veribi's miners hosted at any BitRiver facility in Russia within Compass's possession, custody, or control. Compass will also produce non-privileged documents within its possession, custody, or control sufficient to show the initiation, terms, and termination of Compass's hosting agreement with BitRiver.

18

19

20

21

22 **DOCUMENT REQUEST NO. 2:** All documents constituting

23 communications between you and BitRiver or any affiliated entities or employees

24 concerning the hosting of bitcoin miners with BitRiver or any affiliated entities.

25

26 **OBJECTIONS:** Compass objects to this Request as overly broad, unduly burdensome, calling for information not relevant to any party's claims or defenses, and not proportional to the needs of this case, because it is not limited to documents or communications related to Veribi's miners hosted at BitRiver facilities.

27

28

3

Compass further objects to this Request because it seeks documents containing commercially sensitive information and information implicating Compass customers' privacy interests.

**RESPONSE:** Upon entry of a protective order, Compass will produce its communications with BitRiver concerning Veribi's miners hosted at any BitRiver facility in Russia within its possession, custody, or control.

**DOCUMENT REQUEST NO. 3:** All documents or communications concerning any formal and informal agreements or contracts between you and BitRiver or any related entity concerning the hosting of any bitcoin miners with BitRiver or any related entity.

**OBJECTIONS:** Compass objects to this Request as overly broad, unduly burdensome, calling for information not relevant to any party's claims or defenses, and not proportional to the needs of this case, because it is not limited to documents or communications related to Veribi's miners or the BitRiver facilities where Veribi's miners were placed.

Compass further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product protection.

Compass further objects to this Request because it seeks documents containing commercially sensitive information and information implicating Compass customers' privacy interests.

**RESPONSE:** Upon entry of a protective order, Compass will produce non-privileged documents and communications exchanged with BitRiver reflecting or discussing any agreement between Compass and Veribi for BitRiver to provide hosting services at the locations where Veribi's miners were placed that are within Compass's possession, custody, or control.

**DOCUMENT REQUEST NO. 4:** All documents or communications between you and the Office of Foreign Assets Control ("OFAC") relating to sanctions on BitRiver or any affiliated entity, including any application for an OFAC license or communications concerning or constituting a license application.

**OBJECTIONS:** Compass objects to this Request because it seeks documents containing commercially sensitive information and information implicating Compass customers' privacy interests.

**RESPONSE:** Upon entry of a protective order, Compass will produce documents and communications it exchanged with OFAC relating to sanctions on BitRiver, including Compass's license application(s), if any, that are within Compass's possession, custody, or control.

**DOCUMENT REQUEST NO. 5:** All documents comprising or related to any request for a license from OFAC relating to BitRiver or any affiliated entity, including any legal analysis related to submission or procurement of an OFAC license.

**OBJECTIONS:** Compass objects to this Request because it seeks documents protected by the attorney-client privilege and/or attorney work product protection.

Compass objects to this Request because it seeks documents containing commercially sensitive information and information implicating Compass customers' privacy interests.

Compass further objects to this Request insofar as it seeks to require Compass to compile all legal analyses relating to BitRiver and OFAC as overly broad, unduly burdensome, calling for information not relevant to any party's claims or defenses, and not proportional to the needs of this case, especially in light of the limited relevance and non-discoverability that any past legal analysis has on the issues.

**RESPONSE:** Upon entry of a protective order, Compass will produce non-privileged documents within it possession, custody, or control reflecting its request(s) to OFAC for a license from OFAC related to BitRiver, if any.

**DOCUMENT REQUEST NO. 6:** Any legal analysis or memorandum concerning the implications of OFAC sanctions on Compass' relationship with BitRiver or any affiliated entity.

5

**OBJECTIONS:** Compass objects to this Request because it seeks documents protected by the attorney-client privilege and/or attorney work product protection.

Compass further objects to this Request insofar as it seeks to require Compass to compile all legal analyses relating to BitRiver and OFAC as overly broad, unduly burdensome, calling for information not relevant to any party's claims or defenses, and not proportional to the needs of this case, especially in light of the limited relevance and non-discoverability any past legal analysis has on the issues.

Compass objects to this Request because it seeks documents containing commercially sensitive information.

**RESPONSE:** Compass stands on its objections.

**DOCUMENT REQUEST NO. 7:** All public communications made by Compass or its employees, agents, managers, or owners concerning BitRiver, sanctions on BitRiver, OFAC sanctions, and any efforts by Compass to limit the effect of OFAC sanctions on Compass' customers.

**OBJECTIONS:** Compass objects to this Request to the extent is seeks documents not within Compass's possession, custody, or control.

Compass further objects to this Request as unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are in Veribi's possession or in the public domain and thus equally accessible to Veribi.

**RESPONSE:** Compass will produce press releases or other public communications made by Compass concerning OFAC sanctions on BitRiver to the extent they are still within Compass's possession, custody, or control.

**DOCUMENT REQUEST NO. 8:** All documents concerning any bitcoin miners purchased by Veribi for hosting in Russia, including documents concerning the procurement, import, taxation, or ownership of any bitcoin miners purchased by Veribi for hosting in Russia.

**OBJECTIONS:** Compass objects to this Request as overly broad, unduly burdensome and not proportional to the needs of this case, as the Request appears to seek all documents even tangentially related to Veribi's Russian miners.

Compass further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product protection.

Compass further objects to this Request because it seeks documents containing commercially sensitive information.

**RESPONSE:** Upon entry of a protective order, Compass will produce non-privileged documents discussing or concerning Veribi's miners hosted at any BitRiver facility in Russia that are within its possession, custody, or control.

**DOCUMENT REQUEST NO. 9:** Any communications between Compass and Veribi concerning bitcoin miners hosted in Russia.

**OBJECTIONS:** Compass objects to this Request as unduly burdensome and not proportional to the needs of this case, because it seeks documents equally available to Veribi.

Compass further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product protection.

Compass further objects to this Request because it seeks documents containing commercially sensitive information.

**RESPONSE:** Upon entry of a protective order, Compass will produce communications between it and Veribi concerning Veribi's miners hosted at any BitRiver facility in Russia that are within its possession, custody, or control.

**DOCUMENT REQUEST NO. 10:** All documents and communications relating to Whit Gibbs' March 3, 2022 statement, attached as Exhibit F to the Complaint, including any plan or plans Compass had or has to "move all machines out of Russia" or transfer miners away from the control of BitRiver.

**OBJECTIONS:** Compass objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product protection.

Compass further objects to this Request because it seeks documents containing commercially sensitive information and/or information implicating Compass customers' privacy interests.

**RESPONSE:** Upon entry of a protective order, Compass will produce non-privileged documents responsive to this request within its possession, custody, or control, if any.

**DOCUMENT REQUEST NO. 11:** All documents and communications relating to Compass' April 21, 2022 decision to "terminate[d] its contractual relationship and business dealings with BitRiver," including any discussion, debate, communications, or analysis related to this decision.

**OBJECTIONS:** Compass objects to this Request as overly broad and unduly burdensome.

Compass further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product protection.

Compass further objects to this Request because it seeks documents containing commercially sensitive information and/or information implicating Compass customers' privacy interests.

**RESPONSE:** Upon entry of a protective order, Compass will produce non-privileged documents and communications reflecting Compass's decision to terminate its relationship with BitRiver and non-privileged discussions concerning that decision that are within Compass's possession, custody, or control.

**DOCUMENT REQUEST NO. 12:** All documents concerning the purchase, import, or ownership status of miners hosted by Compass with BitRiver under Russian law or any formal or informal agreement between Compass and BitRiver concerning the ownership of miners hosted by Compass with BitRiver.

**OBJECTIONS:** Compass objects to this Request as overly broad, unduly burdensome, calling for information not relevant to any party's claims or defenses, and not proportional to the needs of this case, as the Request seeks documents irrelevant to Veribi's miners.

Compass further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product protection.

Compass further objects to this Request because it seeks documents containing commercially sensitive information and/or information implicating Compass customers' privacy interests.

**RESPONSE:** Upon entry of a protective order, Compass will produce non-privileged documents within its possession, custody, or control sufficient to show the procurement, import, taxation, and ownership of Veribi's miners hosted at BitRiver and non-privileged documents and communications sufficient to show BitRiver and Compass's hosting agreement and any other agreement between Compass and BitRiver related to Veribi's miners and the hosting of those miners that are within Compass's possession, custody, or control.

**DOCUMENT REQUEST NO. 13:** Documents sufficient to show all payments made by Compass to BitRiver or any affiliated entity related to Veribi's miners, including the purchase, hosting, and management of Veribi's miners.

**OBJECTIONS:** Compass objects to this Request because it seeks documents containing commercially sensitive information.

**RESPONSE:** Upon entry of a protective order, Compass will produce documents sufficient to show its payments to BitRiver related to Veribi's miners that are within its possession, custody, or control.

**DOCUMENT REQUEST NO. 14:** All documents relating to the termination of Whit Gibbs as CEO of Compass.

**OBJECTIONS:** Compass objects to this Request as overly broad, unduly burdensome, calling for information not relevant to any party's claims or defenses, and not proportional to the needs of this case, because documents

relating to Whit Gibbs' termination have no bearing on any of the issues in the Action.

Compass further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product protection.

Compass further objects to this Request because it seeks documents containing commercially sensitive information and implicating the privacy interests of Mr. Gibbs.

**RESPONSE:** Compass stands on its objections.

**DOCUMENT REQUEST NO. 15:** All documents relating to any strategy Compass has or had considered to remove, transfer, or sell miners hosted with BitRiver or to mitigate the losses of Compass customers who miners are or were hosted with BitRiver.

**OBJECTIONS:** Compass objects to this Request as overly broad, unduly burdensome, calling for information not relevant to any party's claims or defenses, and not proportional to the needs of this case, as the Request it is not limited to communications within Compass's possession, custody, or control, and it is not limited in time.

Compass further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product protection.

Compass further objects to this Request because it seeks documents containing commercially sensitive information and/or information implicating Compass customers' privacy interests.

**RESPONSE:** Upon entry of a protective order, Compass will produce non-privileged documents and communications relating to OFAC sanctions on BitRiver and Compass's efforts to act within the federal law imposed by the sanctions with respect to miners hosted at BitRiver that are within Compass's possession, custody, or control.

**DOCUMENT REQUEST NO. 16:** All documents or information relating to the current operation or location of miners Compass hosted with BitRiver, including

10

any information relating to any accounts for which the miners are currently producing bitcoins.

> **OBJECTIONS:** Compass objects to this Request as overly broad, unduly burdensome, calling for information not relevant to any party's claims or defenses because it is not limited to Veribi's miners.

> Compass further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product protection.

> Compass further objects to this Request because it seeks documents containing commercially sensitive information and/or information implicating Compass customers' privacy interests.

> **RESPONSE:** Upon entry of a protective order, Compass will produce documents within its possession, custody, or control sufficient to show its current understanding of the location of Veribi's miners previously hosted with BitRiver and whether or not those miners are hashing.

Dated:  August 18, 2023                    **ARMSTRONG TEASDALE LLP**


By:    */s/ Alec P. Harris*
            Alec P. Harris, #47547
            Kathleen F. Guilfoyle, #55284
            Armstrong Teasdale LLP
            4643 South Ulster Street, Suite 800
            Denver, Colorado 80237
            Telephone: (720) 200-0676
            aharris@atllp.com
            kguilfoyle@atllp.com

            Attorneys for Defendant COMPASS
            MINING INC., a Delaware corporation

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via electronic mail on August 18, 2023 to:

Alan E. Engle
1115 Seal Way
Seal Beach, CA 90740
Telephone: (310) 426-6985
Fax: (714) 386-5368
Alan.engle@meenlegal.com

Attorneys for Plaintiff Veribi LLC

*/s/ Kathleen Guilfoyle*

DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR THE PRODUCTION OF DOCUMENTS
CASE NO.  22-CV-04537